DENNIS J. HERRERA, State Bar #139669
City Attorney
WAYNE K. SNODGRASS, State Bar #148137
JEREMY M. GOLDMAN, State Bar #218888
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:     (415) 554-6762
Facsimile:      (415) 554-4699
E-Mail:          jeremy.goldman@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOORDASH, INC. and GRUBHUB INC.,<br><br>  Plaintiffs,<br><br>  vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>  Defendant. | Case No. 3:21-cv-05502 EMC<br><br>**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>Hearing Date:  November 4, 2021<br>Time:              1:30 p.m.<br>Place:             Courtroom 5 |

Defendant City and County of San Francisco ("the City") respectfully requests that, pursuant to Federal Rule of Evidence 201, this Court take judicial notice of the documents attached as Exhibits A through M to the accompanying declaration of Jeremy M. Goldman. The City also requests that the Court take judicial notice of the facts that (1) Uber Technologies, Inc. and Portier LLC (the Uber subsidiary that operates Uber Eats and Postmates), and Instacart are headquartered in San Francisco (Goldman Decl. Exs. E-G); and (2) campaign finance records maintained by the California Secretary of State do not show any contributions in support of Proposition 22 by goPuff, Delivery.com, or Slice (Goldman Decl. Exs. K-M).

Federal Rule of Evidence 201(b) states that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be determined." Sufficient notice of matters subject to judicial notice is provided by lodging a copy of the relevant documents and record with the Court. Fed. Rule Evid. 201(d).

Resolutions of the San Francisco Board of Supervisors are subject to judicial notice as matters of public record. *Cath. League for Religious & C.R. v. City & Cty. of San Francisco*, 464 F. Supp. 2d 938, 941 (N.D. Cal. 2006). Resolution No. 499-20 (Goldman Decl. Ex. A), which is the Board resolution opposing Proposition 22 referenced in paragraph 42.a of the Complaint, is relevant to Plaintiffs' retaliation claim.

Meeting agendas of governmental bodies are likewise subject to judicial notice as matters of public record. *Duke v. City Coll. of San Francisco*, 445 F. Supp. 3d 216, 224 (N.D. Cal. 2020); *Jonna Corp. v. City of Sunnyvale, CA*, No. 17-CV-00956-LHK, 2017 WL 2617983, at *4 (N.D. Cal. June 16, 2017); *see also Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n. 2 (9th Cir. 2006) (taking judicial notice of staff report and other documents available on government website); *Reese v. Odwalla, Inc.*, No. 13-CV-00947-YGR, 2017 WL 565095, at *1 n.2 (N.D. Cal. Feb. 13, 2017) (taking judicial notice of FDA proposed regulations and draft guidance); *Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.*, 235 F. Supp. 3d 1132, 1152 (E.D. Cal. 2017) (taking judicial notice of letters and presentation to Board of Supervisors). The proposed Advisory in the Agenda of the New York State Liquor Authority (Goldman Decl. Ex. J) is relevant to the

foreseeability of regulation that could impact the commissions charged by third-party delivery service companies.

"When ruling on a motion to dismiss, a court may take judicial notice of SEC filings." *In re Leapfrog Enter., Inc. Sec. Litig.*, 200 F. Supp. 3d 987, 992 (N.D. Cal. 2016) (citing *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n. 2 (9th Cir.2006)).  Plaintiffs' SEC filings (Goldman Decl. Exs. B-D) are relevant to the foreseeability of regulation that could impact the commissions charged by third-party delivery service companies and to what Plaintiffs communicated about the risks of investment, which bears on their regulatory taking claim.  For the purpose of the motion to dismiss, this Court need not take judicial notice of any statement in Plaintiffs' filings for the truth of the matter asserted, but only to show Plaintiffs' awareness.  *See, e.g.*, *Rasha v. BellSouth Telecommunications, Inc.*, No. 1:05-CV-03305-JEC, 2009 WL 10697350, at *3 n.5 (N.D. Ga. Apr. 17, 2009) (court may take judicial notice of a plaintiff's prior statements to show the plaintiff's "awareness of, or belief in, certain factual assertions, not the truth of those assertions").

The location of a corporation's headquarters and its acquisition of another entity (*see* Goldman Decl. Exs. E-G) are facts subject to judicial notice.  *Flower v. Wachovia Mortg. FSB*, No. C 09-343 JF HRL, 2009 WL 975811, at *3 (N.D. Cal. Apr. 10, 2009); *Chan Ah Wah v. HSBC N. Am. Holdings Inc.*, No. 15 CIV. 8974 (LGS), 2019 WL 859042, at *1 (S.D.N.Y. Feb. 22, 2019); *Del Aguila v. Genentech-Roche Transitional Benefit Plan*, No. C 14-4265 MMC, 2015 WL 2089636, at *2 (N.D. Cal. May 4, 2015); *Prince v. New York*, No. 11-CV-5055 CBA, 2011 WL 5117601, at *1 n.2 (E.D.N.Y. Oct. 24, 2011); *Khoury Invs. Inc. v. Nationwide Mut. Ins. Co.*, No. CV 13-05415-MWF (EX), 2013 WL 12140449, at *2 (C.D. Cal. Sept. 16, 2013) (taking judicial notice of facts contained in a Statement of Information filed with the California Secretary of State).  The fact that Uber Technologies/Portier LLC (which operates Uber Eats and now Postmates as well) and Instacart are headquartered in San Francisco is relevant to Grubhub's claim that the commission cap discriminates against interstate commerce.

A court may take judicial notice of a newspaper article that is referenced and described in the complaint, *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *Ryan v. Microsoft Corp.*, 147 F. Supp. 3d 868, 874 n.1 (N.D. Cal. 2015), or even if not referenced in the Complaint, in order to

establish what information was in the public realm at the time, *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n. 18 (9th Cir. 1999).  The newspaper articles (Goldman Decl. Exs. H, I) are relevant to the foreseeability of regulation impacting Plaintiffs' commissions.

      Finally, a court may take judicial notice of campaign contributions reflected in records filed with the state.  *See, e.g.*, *Riel v. City of Santa Monica*, No. CV1404692BROJEMX, 2014 WL 12694159, at *3 (C.D. Cal. Sept. 22, 2014) (campaign filing showing plaintiff's contributions); *Vote Choice, Inc. v. Di Stefano*, 814 F. Supp. 195, 199 (D.R.I. 1993) (corporate contributions and expenditures appearing in public records maintained by the state Board of Elections).  The fact that the campaign finance records for the Campaign Committee supporting Proposition 22 (Goldman Decl. Exs. K-M) do not show any contributions by goPuff, Delivery.com, or Slice, which paragraph 16 of the Complaint identifies as additional third-party platforms operating in San Francisco, is relevant to Plaintiffs' retaliation claim insofar as it shows that—like Grubhub—there are other companies that Plaintiffs contend are subject to the Ordinance that did not finance the campaign for Proposition 22.

Dated:  September 10, 2021

                              DENNIS J. HERRERA
                              City Attorney
                              WAYNE K. SNODGRASS
                              JEREMY M. GOLDMAN
                              Deputy City Attorneys


                    By: */s/Jeremy M. Goldman*
                          JEREMY M. GOLDMAN

                          Attorneys for Defendant
                          CITY AND COUNTY OF SAN FRANCISCO