DENNIS J. HERRERA, State Bar #139669
City Attorney
WAYNE K. SNODGRASS, State Bar #148137
JEREMY M. GOLDMAN, State Bar #218888
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:    (415) 554-6762
Facsimile:     (415) 554-4699
E-Mail:         jeremy.goldman@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOORDASH, INC. and GRUBHUB INC., <br><br> Plaintiffs, <br><br> vs. <br><br> CITY AND COUNTY OF SAN FRANCISCO, <br><br> Defendant. | Case No. 3:21-cv-05502 EMC <br><br> **DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS** <br><br> Hearing Date:   December 9, 2021 <br> Time:                1:30 p.m. <br> Place:               Courtroom 5 |

Defendant City and County of San Francisco ("the City") respectfully requests that, pursuant to Federal Rule of Evidence 201, this Court take judicial notice of the documents attached as Exhibits A through BB to the accompanying declaration of Jeremy M. Goldman.  The City also requests that the Court take judicial notice of the fact that campaign finance records maintained by the California Secretary of State show multiple contributions to the Yes-on-Proposition 22 campaign by Instacart and Lyft, and do not show any contributions by Delivery.com, Slice, ChowNow, EatStreet, MealPal, Olo, Relay, or Ritual (Goldman Decl. Exs. Z-BB).

Federal Rule of Evidence 201(b) states that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be determined."  Sufficient notice of matters subject to judicial notice is provided by lodging a copy of the relevant documents and record with the Court.  Fed. Rule Evid. 201(d).

Resolutions of the San Francisco Board of Supervisors are subject to judicial notice as matters of public record.  *Cath. League for Religious & C.R. v. City & Cty. of San Francisco*, 464 F. Supp. 2d 938, 941 (N.D. Cal. 2006).  Resolution No. 499-20 (Goldman Decl. Ex. A), which is the Board resolution opposing Proposition 22 referenced in paragraph 47.a of the FAC, is relevant to DoorDash's retaliation claim.

Meeting agendas of governmental bodies are likewise subject to judicial notice as matters of public record.  *Duke v. City Coll. of San Francisco*, 445 F. Supp. 3d 216, 224 (N.D. Cal. 2020); *Jonna Corp. v. City of Sunnyvale, CA*, No. 17-CV-00956-LHK, 2017 WL 2617983, at *4 (N.D. Cal. June 16, 2017); *see also Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n. 2 (9th Cir. 2006) (taking judicial notice of staff report and other documents available on government website); *Reese v. Odwalla, Inc.*, No. 13-CV-00947-YGR, 2017 WL 565095, at *1 n.2 (N.D. Cal. Feb. 13, 2017) (taking judicial notice of FDA proposed regulations and draft guidance); *Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.*, 235 F. Supp. 3d 1132, 1152 (E.D. Cal. 2017) (taking judicial notice of letters and presentation to Board of Supervisors).  The proposed Advisory in the Agenda of the New York State Liquor Authority (Goldman Decl. Ex. T) is relevant to the

foreseeability of regulation that could impact the commissions charged by third-party delivery service companies.

"When ruling on a motion to dismiss, a court may take judicial notice of SEC filings." *In re Leapfrog Enter., Inc. Sec. Litig.*, 200 F. Supp. 3d 987, 992 (N.D. Cal. 2016) (citing *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n. 2 (9th Cir.2006)). Plaintiffs' SEC filings (Goldman Decl. Exs. B-D) are relevant to the foreseeability of regulation that could impact the commissions charged by third-party delivery service companies and to what Plaintiffs communicated about the risks of investment, which bears on their regulatory taking claim. For the purpose of the motion to dismiss, this Court need not take judicial notice of any statement in Plaintiffs' filings for the truth of the matter asserted, but only to show Plaintiffs' awareness. *See, e.g.*, *Rasha v. BellSouth Telecommunications, Inc.*, No. 1:05-CV-03305-JEC, 2009 WL 10697350, at *3 n.5 (N.D. Ga. Apr. 17, 2009) (court may take judicial notice of a plaintiff's prior statements to show the plaintiff's "awareness of, or belief in, certain factual assertions, not the truth of those assertions").

A court may take judicial notice of the existence and content newspaper publications and information on publicly accessible websites to show what information was in the public realm (Goldman Decl. Exs. E-Y). *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010); *United States v. W.R. Grace*, 504 F.3d 745, 766 (9th Cir. 2007); *Brodsky v. Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1111 (N.D. Cal. 2009); *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1029 (C.D. Cal. 2015). As described in the City's motion to dismiss, where, as here, a court is required to defer to legislative judgments, it may not engage in judicial factfinding or evaluate the wisdom of policy choices. Accordingly, this Court need not assume the truth of statements in any of these documents, and it would not properly be called upon to adjudicate their truth in this litigation. It is enough that the FAC does not contain plausible allegations to establish that legislators could not believe them to be true. These documents are therefore relevant to the reasonable basis for the Ordinance, as well as to the foreseeability of regulation impacting Plaintiffs' commissions.

Finally, a court may take judicial notice of campaign contributions reflected in records filed with the state. *See, e.g.*, *Riel v. City of Santa Monica*, No. CV1404692BROJEMX, 2014 WL 12694159, at *3 (C.D. Cal. Sept. 22, 2014) (campaign filing showing plaintiff's contributions); *Vote

*Choice, Inc. v. Di Stefano*, 814 F. Supp. 195, 199 (D.R.I. 1993) (corporate contributions and expenditures appearing in public records maintained by the state Board of Elections).  The fact that the campaign finance records for the Campaign Committee supporting Proposition 22 (Goldman Decl. Exs. Z-BB) show substantial contributions by grocery delivery service Instacart and rideshare service Lyft is relevant to DoorDash's retaliation claim because they are not alleged to provide restaurant delivery services in San Francisco and therefore would not be impacted by the commission cap. Moreover, the records do not show any contributions by Delivery.com, Slice, ChowNow, EatStreet, MealPal, Olo, Relay, or Ritual, which paragraph 16 of the FAC identifies as additional third-party platforms operating in San Francisco, although it does not allege whether they operate with a business model that is impacted by the commission cap.

Dated:  October 15, 2021

                                    DENNIS J. HERRERA
City Attorney
WAYNE K. SNODGRASS
JEREMY M. GOLDMAN
Deputy City Attorneys

By: /s/*Jeremy M. Goldman*
     JEREMY M. GOLDMAN

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO