GIBSON, DUNN & CRUTCHER LLP
JOSHUA S. LIPSHUTZ, SBN 242557
jlipshutz@gibsondunn.com
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile: 415.393.8306

MICHAEL HOLECEK, SBN 281034
mholecek@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Plaintiffs
DOORDASH, INC. and GRUBHUB INC.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

DOORDASH, INC. and GRUBHUB INC.,

Plaintiffs,

v.

CITY AND COUNTY OF SAN FRANCISCO,

Defendant.

CASE NO. 21-CV-05502-EMC

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE**

Hearing Date: December 16, 2021
Hearing Time: 1:30 p.m.
Hearing Place: Courtroom 5 – 17th Floor
Hon. Edward M. Chen

Action Filed: July 16, 2021
FAC Filed: Oct. 1, 2021

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..... ii

PRELIMINARY STATEMENT ..... 1

LEGAL STANDARD ..... 1

ARGUMENT ..... 2

A. The Court Should Not Take Judicial Notice Of SEC Filings ..... 3

B. The Court Should Not Take Judicial Notice Of Newspaper Articles And Reports ..... 4

C. The Court Should Not Take Judicial Notice Of Certain Public Records ..... 8

D. The Court Should Limit The Purpose For Which It Judicially Notices Campaign Finance Records ..... 9

CONCLUSION ..... 10

**TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Allstar Mktg. Grp., LLC v. United States*, 211 F. Supp. 3d 1319 (Ct. Int'l Trade 2017) .......... 5

*Am. Prairie Const. Co. v. Hoich*, 560 F.3d 780 (8th Cir. 2009) .......... 6

*Brodsky v. Yahoo! Inc.*, 630 F. Supp. 2d 1104 (N.D. Cal. 2009) .......... 7

*Christa McAuliffe Intermediate Sch. PTO, Inc. v. de Blasio*, 364 F. Supp. 3d 253 (S.D.N.Y.), *aff'd*, 788 F. App'x 85 (2d Cir. 2019) .......... 5

*Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.*, 235 F. Supp. 3d 1132 (E.D. Cal. 2017) .......... 9

*Dauven v. U.S. Bancorp*, 390 F. Supp. 3d 1262 (D. Or. 2019) .......... 8

*Duke v. City College of San Francisco*, 445 F. Supp. 3d 216 (N.D. Cal. 2020) .......... 9

*Estrada v. Sayre*, 2014 WL 3728161 (N.D. Cal. July 28, 2014), *aff'd*, 635 F. App'x 378 (9th Cir. 2016) .......... 6

*Ferreira v. Funko Inc.*, 2021 WL 880400 (C.D. Cal. Feb. 25, 2021) .......... 3

*Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011 (C.D. Cal. 2015) .......... 3, 4, 5, 7

*Heller v. Doe*, 509 U.S. 312 (1993) .......... 6

*Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344 (7th Cir. 1995) .......... 3

*Hurd v. Garcia*, 454 F. Supp. 2d 1032 (S.D. Cal. 2006) .......... 2

*Jonna Corporation v. City of Sunnydale*, 2017 WL 2617983 (N.D. Cal. June 16, 2017) .......... 9

*Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018) .......... 1, 2, 3, 4, 7, 8, 10

**TABLE OF AUTHORITIES**
*(continued)*

Page(s)

*Larez v. City of L.A.*,
946 F.2d 630 (9th Cir. 1991)....................6

*In re Leapfrog Enter., Inc. Sec. Litig.*,
200 F. Supp. 3d 987 (N.D. Cal. 2016)....................4

*Lee v. City of Los Angeles*,
250 F.3d 668 (9th Cir. 2001)....................1, 2, 8

*Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*,
692 F.3d 983 (9th Cir. 2012)....................7

*United States ex rel. Modglin v. DJO Glob. Inc.*,
48 F. Supp. 3d 1362 (C.D. Cal. 2014), *aff'd sub nom. United States v. DJO Glob., Inc.*, 678 F. App'x 594 (9th Cir. 2017)....................10

*Patel v. Parnes*,
253 F.R.D. 531 (C.D. Cal. 2008)....................3

*Pinterest Inc. v. Pintrips Inc.*,
15 F. Supp. 3d 992 (N.D. Cal. 2014)....................2

*Ramirez v. Cnty. of San Bernardino*,
806 F.3d 1002 (9th Cir. 2015)....................7

*Rasha v. BellSouth Telecommunications, Inc.*,
2009 WL 10697350 (N.D. Ga. Apr. 17, 2009)....................3

*Reese v. Odwalla, Inc.*,
2017 WL 565095 (N.D. Cal. Feb. 13, 2017)....................9

*Riel v. City of Santa Monica*,
2014 WL 12694159 (C.D. Cal. Sept. 22, 2014)....................10

*River v. Philip Morris, Inc.*,
395 F.3d 1142 (9th Cir. 2005)....................2

*Rodriguez v. Robbins*,
803 F.3d 502 (9th Cir. 2015)....................5

*Ruiz v. Gap, Inc.*,
540 F. Supp. 2d 1121 (N.D. Cal. 2008), *aff'd*, 380 F. App'x 689 (9th Cir. 2010)....................5

*Santa Monica Food Not Bombs v. City of Santa Monica*,
450 F.3d 1022 (9th Cir. 2006)....................8, 9

Page(s)

*United States v. Bonds*,
12 F.3d 540 (6th Cir. 1993)....................4

*United States v. Corinthian Colls.*,
655 F.3d 984 (9th Cir. 2011)....................4, 8

*United States v. Johnson*,
875 F.3d 1265 (9th Cir. 2017)....................6

*United States v. S. Cal. Edison Co.*,
300 F. Supp. 2d 964 (E.D. Cal. 2004)....................2

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
592 F.3d 954 (9th Cir. 2010)....................7

*Vote Choice, Inc. v. Di Stefano*,
814 F. Supp. 195 (D.R.I. 1993)....................10

**STATUTES**

CAL. CODE REGS. tit. 2, § 18215 (c)....................10

**OTHER AUTHORITIES**

Abrar Al-Heeti, *Lyft partners with Grubhub for food delivery perks, restaurant discounts*, CNET (Oct. 6, 2020), https://cnet.co/3vUlp2e....................9

Sasha Lekach, *Lyft dips toes into food delivery for first time*, MASHABLE (Oct. 6, 2020), https://bit.ly/3vVuuHS....................9

Tina Bellon & Akanksha Rana, *Lyft seeks slice of food-delivery amid slow ride-hail recovery, shares rise*, REUTERS (Nov. 10, 2020), https://reut.rs/3Es4Ttc....................9

**RULES**

Fed. R. Evid. 201....................4, 5

Fed. R. Evid. 201(b)....................2

Fed. R. Evid. 201(b)(1)–(2)....................2

Fed. R. Evid. 801(c)....................6

Fed. R. Evid. 805....................6

## **PRELIMINARY STATEMENT**

San Francisco requests judicial notice of 28 exhibits in support of its motion to dismiss, including newspaper articles, SEC filings, public records from a city board and a state agency, and campaign contributions. Dkts. 29, 30. Plaintiffs respectfully submit that this Court should deny Defendant's request as to most of these documents (Dkt. 30 Exs. B–Y), and decline to consider them in resolving Defendant's motion. Exhibits Z–BB (campaign contributions) should be noticed only for the fact that the corporations listed made contributions that were required to be reported under California law, and not to support Defendant's assertion that corporations not listed did not support Proposition 22.

The Ninth Circuit recently identified a "concerning pattern" regarding the use of judicial notice at the motion to dismiss stage: "Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (holding that district court abused its discretion in considering documents outside of the complaint and reversing in part order that granted motion to dismiss). But "[i]f defendants are permitted to present their own version of the facts at the pleading stage—and district courts accept those facts as uncontroverted and true—it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief." *Id.* at 999.

Defendant's request for judicial notice of over 400 pages of documents violates two principal rules of judicial notice. First, rather than ask the Court to "take judicial notice of undisputed matters of public record," Defendant improperly seeks judicial notice of the *truth* of "*disputed* facts stated in public records." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (emphasis in original). Second, Defendant seeks judicial notice of facts that are not relevant to deciding its motion to dismiss. *See Khoja*, 899 F.3d at 1000 n.5. Thus, this Court should not take judicial notice of Exhibits B–Y and should limit the use of Exhibits Z–BB.

## **LEGAL STANDARD**

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Khoja*, 899

F.3d at 998. One exception to that general rule, however, is the doctrine of judicial notice. *Id.* Courts may take judicial notice only of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). "A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Khoja*, 899 F.3d at 999 (quoting Fed. R. Evid. 201(b)(1)–(2)). "Accordingly, a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. But a court cannot take judicial notice of disputed facts contained in such public records." *Id.* (quotation marks, brackets, and citation omitted).

The "party requesting judicial notice bears the burden of persuading the trial judge that the fact is a proper matter for judicial notice." *Hurd v. Garcia*, 454 F. Supp. 2d 1032, 1055 (S.D. Cal. 2006). Because judicial notice "deprive[s] a party of an opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence, caution must be used in determining that a fact is beyond controversy under [Federal Rule of Evidence] 201(b)." *River v. Philip Morris, Inc.*, 395 F.3d 1142, 1151 (9th Cir. 2005). Thus, the Ninth Circuit recently warned against the "overuse and improper application of judicial notice" at "the pleading stage," noting that "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Khoja*, 899 F.3d at 998.

"While a court may take judicial notice of a judicial or administrative proceeding," *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004), it may only notice "the *fact* of the [proceeding]" or the "existence of" certain documents filed in the action, *Lee*, 250 F.3d at 690. It may not notice public records "for the truth of the facts recited therein." *Id.*; *accord Pinterest Inc. v. Pintrips Inc.*, 15 F. Supp. 3d 992, 997 (N.D. Cal. 2014).

**ARGUMENT**

The Court should deny Defendant's request to take notice of certain SEC filings, newspaper articles, and public records (Dkt. 29 Exs. B–Y). Any judicial notice of Exhibits Z–BB (campaign contributions) should be limited to its proper scope.

### A. The Court Should Not Take Judicial Notice Of SEC Filings

Defendant does not dispute that excerpts of certain SEC filings—Grubhub's and DoorDash's Prospectuses accompanying their initial public offerings, and a draft registration statement by DoorDash (Dkt. 30 Exs. B–D)—may not be judicially noticed for the truth of the matters asserted. Courts in this Circuit have held that "[t]he truth of the content, and the inferences properly drawn from [SEC filings] . . . is not a proper subject of judicial notice under Rule 201." *Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1032 (C.D. Cal. 2015) (quoting *Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008)). Indeed, Defendant posits that "this Court need not take judicial notice of any statement in Plaintiffs' filings for the truth of the matter asserted, but only to show Plaintiffs' awareness" of the contents of the filings. Dkt. 29 at 2. However, courts refuse to judicially notice SEC filings, even if they might otherwise fall within Federal Rule of Evidence 201, when the only purpose for which the filing is offered is to establish a disputed fact. *Khoja*, 899 F.3d at 1000 (denying request for judicial notice of investor call transcripts submitted to the SEC because it was disputed what the proffered document revealed what investors knew); *Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir. 1995) (upholding district court's refusal to take notice of SEC filing because "there was considerable argument over the significance of the 10–K form"); *Ferreira v. Funko Inc.*, 2021 WL 880400, at *8 (C.D. Cal. Feb. 25, 2021) (denying judicial notice of SEC forms filed by defendants because they were irrelevant to the court's analysis); *Gerritsen*, 112 F. Supp. 3d at 1033 (C.D. Cal. 2015) (declining to take judicial notice of "the contents of" SEC filings that related to disputed issues of fact).

Defendant relies on a footnote in an unpublished Georgia district court order in *Rasha v. BellSouth Telecommunications, Inc.*, 2009 WL 10697350, at *3 n.5 (N.D. Ga. Apr. 17, 2009). But that case concerned court records, not SEC filings. Moreover, the district court cited nothing for the proposition that it could take judicial notice of certain court records "to show plaintiff's awareness of, or belief in, certain factual assertions, not the truth of those assertions." *Id.* Defendant's sole in-circuit precedent took notice of SEC filings only for "the fact that these statements were made, as well as for the wording and timing of the statements," and explicitly refused to "take judicial notice

of the filings for the facts therein." *In re Leapfrog Enter., Inc. Sec. Litig.*, 200 F. Supp. 3d 987, 992 n.1 (N.D. Cal. 2016).

Here, whether Exhibits B–D show Plaintiffs' "awareness" of certain facts that would permit an inference that they could foresee specific San Francisco legislation is a disputed fact. Indeed, none of the generic statements in those filings even suggests that Defendant's unprecedented permanent commission cap legislation was foreseeable. Because Plaintiff's awareness based on these filings is "subject to reasonable dispute," Fed. R. Evid. 201, judicial notice is improper. *Khoja*, 899 F.3d at 1000. The Court should decline to take notice of Exhibits B–D.

**B. The Court Should Not Take Judicial Notice Of Newspaper Articles And Reports**

Defendant asks the Court to judicially notice 16 newspaper articles and three reports "to establish what information was in the public realm at the time," which Defendant contends is "relevant to the reasonable basis for the Ordinance, as well as to the foreseeability of regulation impacting Plaintiffs' commissions." Dkt. 30 at 2–3.[1] The documents may not be judicially noticed. "The cases in which courts take judicial notice of newspaper articles . . . are limited to a narrow set of circumstances not at issue here—e.g., in securities cases for the purpose of showing that particular information was available to the stock market." *Gerritsen*, 112 F. Supp. 3d at 1028.

These documents are inappropriate for judicial notice for three independent reasons. First, Defendant offers them to establish disputed facts, and a court "may not, on the basis of evidence outside of the Complaint, take judicial notice of facts favorable to Defendants that could reasonably be disputed." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011). Defendant offers the documents to prove the Ordinance's "reasonable basis" and "foreseeability." Dkt. 29 at 2. Whether Defendant's first-in-the nation commission cap was foreseeable is a disputed fact, Dkt. 25 ¶¶ 1, 30–31, 69, 85, as is whether there is a reasonable basis for the Ordinance, *id.* ¶¶ 130–135, 146–150; *see also United States v. Bonds*, 12 F.3d 540, 553 (6th Cir. 1993) (declining to notice a report because while "there is no dispute that the [report] exists, . . . there is considerable dispute over the significance of its contents").

---

[1] Exhibits E-P, S and U-X are newspaper articles or articles on internet sites. Exhibits Q, R, and Y are reports. Exhibit T is a public record, and is addressed below.

As just one example, Exhibit S is a July 2019 New York Post article regarding possible new rules imposed by the New York State Liquor Authority ("NYSLA") on alcohol licensees. Defendant claims the article demonstrates the Ordinance's foreseeability by showing that the NYSLA "considered a draft Advisory at its meeting approximately a month later that would impose a commission cap." Dkt. 28 at 6. However, the draft advisory (Exhibit T, for which Defendant also improperly seeks judicial notice), did *not* propose capping the commission rates third-party platforms could charge restaurants. Rather, it proposed that a business partner of an alcohol licensee (such as a restaurant) must also be licensed by the NYSLA if certain criteria are met. Whether the proposed advisory of a New York state agency regulating liquor licenses shows the foreseeability of a San Francisco Ordinance capping restaurant commissions paid to third-party platforms is a disputed fact, and Exhibit S should not be judicially noticed.

Second, these documents contain facts that are neither "generally known within the trial court's territorial jurisdiction," nor "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Rodriguez v. Robbins*, 803 F.3d 502, 503 (9th Cir. 2015) (quoting Fed. R. Evid. 201); *Gerritsen*, 112 F. Supp. 3d at 1028 ("the accuracy of information in newspaper articles and press releases cannot be readily determined and/or can be reasonably questioned"); *Ruiz v. Gap, Inc.*, 540 F. Supp. 2d 1121, 1124 (N.D. Cal. 2008), *aff'd*, 380 F. App'x 689 (9th Cir. 2010) (declining to take notice of a "study from an internet site on identity theft, and a list, also from an internet site, of data breach incidents reported in California in the last two years" because "these materials are not remotely akin to the type of facts which may be appropriately judicially noticed"); *Christa McAuliffe Intermediate Sch. PTO, Inc. v. de Blasio*, 364 F. Supp. 3d 253, 263 (S.D.N.Y.), *aff'd*, 788 F. App'x 85 (2d Cir. 2019) (declining to notice newspaper article because while "[t]he New York Times is a well-respected news publication," "it is not a source 'whose accuracy cannot reasonably be questioned' when it comes to the facts and data Plaintiffs ask the Court to notice"); *Allstar Mktg. Grp., LLC v. United States*, 211 F. Supp. 3d 1319, 1326 n.11 (Ct. Int'l Trade 2017) (the "mere fact of publication on a website does not make it "generally known").[2]

[2] All of the articles contain facts that are not "generally known within the trial court's territorial jurisdiction." Indeed, several of the articles do not deal with San Francisco restaurants at all.

Third, these documents contain several layers of hearsay. *Am. Prairie Const. Co. v. Hoich*, 560 F.3d 780, 797 (8th Cir. 2009) ("Caution must also be taken to avoid admitting evidence, through the use of judicial notice, in contravention of the relevancy, foundation, and hearsay rules."). Hearsay is an out-of-court statement offered for the truth of the matter asserted. *United States v. Johnson*, 875 F.3d 1265, 1278 (9th Cir. 2017) (citing Fed. R. Evid. 801(c)). Not only are the documents themselves out-of-court statements by the writers, but nearly all of the documents contain quotations from additional declarants, each of which must be excluded unless it falls within a valid exception. Fed. R. Evid. 805; *Larez v. City of L.A.*, 946 F.2d 630, 642 (9th Cir. 1991) (quotations in newspaper articles attributed to a declarant constituted an additional layer of hearsay). Thus the documents should not be judicially noticed. *Estrada v. Sayre*, 2014 WL 3728161, at *5 (N.D. Cal. July 28, 2014), *aff'd*, 635 F. App'x 378 (9th Cir. 2016) (declining to take judicial notice of a newspaper article because it was hearsay).

Defendant seeks to circumvent the rules of judicial notice by claiming that while "this Court need not assume the truth of statements in any of these documents," the legislature could have "believe[d] them to be true." Dkt. 29 at 2. In short, Defendant seeks judicial notice not only that (1) these articles were in the public realm, but also that (2) the San Francisco Board of Supervisors could have had these articles in mind, and (3) could have believed them to be true in passing the legislation. But in offering the articles for this purpose, Defendant inherently asks the Court to assume the truth of the articles' contents and speculate that they might have provided unnamed Supervisors with a "reasonable basis for the Ordinance." Dkt. 29 at 2. Even under rational basis review, the truth of the documents' contents is necessary (but itself insufficient) to upholding the Ordinance, because "the standard of rationality . . . must find *some* footing in the realities of the subject addressed by the legislation." *Heller v. Doe*, 509 U.S. 312, 321 (1993) (emphasis added). Thus, a law based purely on the Board's subjective beliefs, or the Board's beliefs based on false information, cannot be rational. Because Defendant offers these documents for the truth of their

---

Exhibit E is a newspaper article from the Tribeca Citizen, a website focusing on the news and events in the Tribeca neighborhood in New York City; Exhibit H is a New York Times article regarding actions taken by the New York City Council; Exhibit S is a July 2019 New York Post article regarding possible rules imposed by a New York agency on business done in New York.

contents, the documents should not be judicially noticed, as one of Defendant's cases makes clear. *Gerritsen*, 112 F. Supp. 3d at 1029 (declining to notice newspaper articles and websites because the plaintiff "clearly seeks to have the court take judicial notice of the truth of the facts stated in the various press releases and news articles. This the court cannot do.").

Defendants' remaining cases—*Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), and *Brodsky v. Yahoo! Inc.*, 630 F. Supp. 2d 1104 (N.D. Cal. 2009)—are inapposite. Both cases hold that judicial notice of newspaper articles is permissible to establish what was in the public realm at the time, but not for the truth of the contents of the articles. *Von Saher* concerned federal preemption of a state law extending the statute of limitations for actions seeking to recover Holocaust-era art, and whether the plaintiff was on constructive notice for the purpose of the statute of limitations. 592 F.3d at 968–69. In *Brodsky*, the court granted plaintiffs' request to judicially notice articles cited in their own complaint. 630 F. Supp. 2d at 1111. Conversely here, no article offered by Defendant is referenced in the FAC.[3] And none of Defendant's cases concerned foreseeability of unprecedented government regulations or sought to use news articles to show what a legislator may or may not have believed to be true when passing legislation.

The purposes for which Defendant offers the articles are not allowed, and the only legitimate use of judicial notice is to show "public awareness." But since what the *public* allegedly knew is not relevant here, the articles should not be judicially noticed. *See Khoja*, 899 F.3d at 1000 & n.5 ("An irrelevant fact could hardly be an 'adjudicative fact'" subject to judicial notice); *Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 991 n.8 (9th Cir. 2012) (declining to take judicial notice of other cases because the issues addressed by other cases "bear no relation to the claims at issue here"); *Gerritsen*, 112 F. Supp. 3d at 1029–1030 ("Because it is irrelevant, for purposes of defendants' motion to dismiss, that the information in the press releases and news articles

---

[3] Defendant notes Exhibit J is an article cited in Plaintiffs' original complaint. But Defendant correctly does not seek the Court to incorporate it by reference because it is "well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (quotation marks omitted).

was publicly available, the court declines to take judicial notice of the newspaper articles and press releases [plaintiff] cites"); *Dauven v. U.S. Bancorp*, 390 F. Supp. 3d 1262, 1269–70 (D. Or. 2019) (declining to take notice of lawsuits that "are not relevant here" because "the fact to be noticed must be relevant to the matter at hand").

Thus, the Court should decline to take judicial notice of the articles in Exhibits E-P, S and U-X, and the reports in Exhibits Q, R, and Y.

**C. The Court Should Not Take Judicial Notice Of Certain Public Records**

Defendant asks the Court to judicially notice two public records: Resolution No. 499-20 of the San Francisco Board of Supervisors, and a "proposed Advisory in the Agenda of the New York State Liquor Authority." Dkt. 29 at 1. The Resolution (Dkt. 30 Ex. A) is cited in the FAC (¶ 47) and thus fairly incorporated by reference, although it cannot be offered for the truth of any statements within it. *Lee*, 250 F.3d at 690. The proposed Advisory (Dkt. 30 Ex. T) appears nowhere in the FAC and may not be judicially noticed. Judicial notice of administrative records is subject to limitations. First, the records must be relevant to the resolution of the motion. *Khoja*, 899 F.3d at 1000 n.5. Defendant contends the proposed Advisory is "relevant to the foreseeability of regulation that could impact the commissions charged by third-party delivery service companies." Dkt. 29 at 1–2. But it fails to explain how a *proposed* action by the *New York* State Liquor Authority is relevant to Plaintiffs' ability to foresee actions taken by *the San Francisco* Board of Supervisors. Second, whether Defendant's first-in-the nation commission cap was foreseeable is a disputed fact, and a court "may not, on the basis of evidence outside of the Complaint, take judicial notice of facts favorable to Defendants that could reasonably be disputed." *Corinthian Colls.*, 655 F.3d at 999.

Far from supporting Defendant's request for judicial notice, Defendant's cases undermine it. For example, Defendant describes *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022 (9th Cir. 2006) as "taking judicial notice of staff report and other documents available on government website." Dkt. 29 at 1. However, the court took notice only of city ordinances, and "decline[d] to take judicial notice of the two Staff Reports, as they are not relevant to the resolution

of this appeal." *Santa Monica Food*, 450 F.3d at 1025 n.2.[4] Thus, the Court should deny judicial notice of Exhibit T.

**D. The Court Should Limit The Purpose For Which It Judicially Notices Campaign Finance Records**

Finally, Defendant requests judicial notice of certain "campaign contributions reflected in records filed with the state" regarding Proposition 22, which it offers to show that Instacart and Lyft supported Proposition 22.[5] Dkt. 29 at 2–3. Defendant also states the "records do not show any contributions by Delivery.com, Slice, ChowNow, EatStreet, MealPal, Olo, Relay, or Ritual." *Id.* at 3. While certain campaign finance records can be subject to judicial notice, Defendant seeks judicial notice of the truth of these records for the proposition that certain companies did not "publicly support[] Proposition 22." Dkt. 28 at 22. The documents may not be noticed for that purpose.

Like other public filings, such as SEC filings discussed above, just because a "document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is

---

[4] Defendant's other cases do not help it either, as the documents were either not judicially noticed, or were relevant and judicially noticed but not for the truth of the facts contained therein. In *Comm. to Protect our Agric. Water v. Occidental Oil & Gas Corp.*, the court noted that "[w]hile the court may take judicial notice of matters of public record under Federal Evidence Rule 201, it may not take judicial notice of contested facts," and declined to take notice of the records because the plaintiff made no showing of why judicial notice was appropriate. 235 F. Supp. 3d 1132, 1154 (E.D. Cal. 2017). In *Duke v. City College of San Francisco*, the plaintiff alleged the community college board failed to provide him notice of the meeting where he was terminated as required by law; the court took notice of the availability of the board agenda and minutes of the meeting on the defendants' website, but "not the truth of the information contained within the websites themselves." 445 F. Supp. 3d 216, 224 (N.D. Cal. 2020). In *Jonna Corporation v. City of Sunnydale*, the court judicially noticed city council documents regarding the ordinance plaintiff contested, but made clear that "to the extent any facts in documents subject to judicial notice are subject to reasonable dispute, the Court will not take judicial notice of those facts." 2017 WL 2617983, at *3 (N.D. Cal. June 16, 2017). And in *Reese v. Odwalla, Inc.*, the court granted judicial notice of FDA guidance documents relevant to plaintiffs' claims, but stated that the court "does not accept the truth of any matters asserted in such documents." 2017 WL 565095, at *1 n.2 (N.D. Cal. Feb. 13, 2017).

[5] Further, the factual premise of the City's request for judicial notice is inaccurate. The City claims that the Ordinance could not have been enacted as retribution for Prop 22 because Lyft has no involvement in restaurant delivery. But Lyft has several times announced its desire to enter the restaurant-delivery space and actual involvement through partnerships. Tina Bellon & Akanksha Rana, *Lyft seeks slice of food-delivery amid slow ride-hail recovery, shares rise*, REUTERS (Nov. 10, 2020), https://reut.rs/3Es4Ttc; Sasha Lekach, *Lyft dips toes into food delivery for first time*, MASHABLE (Oct. 6, 2020), https://bit.ly/3vVuuHS; Abrar Al-Heeti, *Lyft partners with Grubhub for food delivery perks, restaurant discounts*, CNET (Oct. 6, 2020), https://cnet.co/3vUlp2e.

judicially noticeable for its truth." *Khoja*, 899 F.3d at 999. While the campaign finance records describe which companies made contributions that were legally required to be disclosed, they do not (and cannot) show that an unlisted company did not finance or support a campaign. California regulations define "contribution" for the purpose of campaign contribution reporting, and delineate eighteen types of payments or other consideration that are not considered a "contribution." CAL. CODE REGS. tit. 2, § 18215 (c). Thus, while the Court may notice these records for the fact that the corporations listed made contributions that were required to be reported by California law, which is the only use supported by Defendant's authority, it cannot notice the records for the other purpose Defendant offers them.[6] *See United States ex rel. Modglin v. DJO Glob. Inc.*, 48 F. Supp. 3d 1362, 1383 (C.D. Cal. 2014), *aff'd sub nom. United States v. DJO Glob., Inc.*, 678 F. App'x 594 (9th Cir. 2017) (declining to take judicial notice of insurance policy documents because "[w]hether other healthcare insurance plans cover a particular treatment is not probative as to whether Medicare likewise covers it").

**CONCLUSION**

The Court should deny Defendant's request for judicial notice as to Exhibits B–Y, and take judicial notice of Exhibits Z–BB only for the fact that the corporations listed made contributions that were required to be reported under California law.

---

[6] Defendant does not cite a single example of campaign finance records being judicially noticed to prove the *absence* of contributions or support. In *Riel v. City of Santa Monica*, 2014 WL 12694159, at *3 (C.D. Cal. Sept. 22, 2014), the court noticed a campaign disclosure statement to show the plaintiff made a contribution. In *Vote Choice, Inc. v. Di Stefano*, 814 F. Supp. 195, 199 (D.R.I. 1993), the Rhode Island district court noticed campaign finance reports showing that the defendant's contributions were made directly rather than through PACs.

DATED: November 5, 2021

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Joshua S. Lipshutz*
Joshua S. Lipshutz

Attorneys for Plaintiffs
DOORDASH, INC. and GRUBHUB INC.