DAVID CHIU, State Bar #189542
City Attorney
WAYNE K. SNODGRASS, State Bar #148137
JEREMY M. GOLDMAN, State Bar #218888
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:     (415) 554-6762
Facsimile:     (415) 554-4699
E-Mail:        jeremy.goldman@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOORDASH, INC. and GRUBHUB INC., <br><br> Plaintiffs, <br><br> vs. <br><br> CITY AND COUNTY OF SAN FRANCISCO, <br><br> Defendant. | Case No. 3:21-cv-05502 EMC <br><br> **ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant City and County of San Francisco ("the City") hereby responds to the First Amended Complaint ("Complaint") filed on October 1, 2021 by Plaintiffs DoorDash Inc. and Grubhub Inc. ("Plaintiffs").  Each numbered paragraph below responds to the correspondingly-numbered paragraph of the Complaint.  Many allegations of the Complaint pertain to causes of action that have been dismissed.  By providing a response to those allegations, the City does not concede that any response is required or that the allegations are relevant to any cause of action remaining in the lawsuit.

1. As to the first sentence, the City admits that the Ordinance speaks for itself and that the industry in which third party delivery platforms operate is private, and otherwise denies the allegations.  The City denies the remaining allegations of the paragraph, except admits that Mayor Breed declined to sign the Ordinance and that the quoted words appear in her July 9, 2021 letter to the Board of Supervisors.

2. The first sentence is a legal conclusion to which no response is required; to the extent a response is required, the City denies the allegations.  The second sentence is also a legal conclusion to which no response is required, but the City denies that the intent of the Ordinance is to pick economic winners and losers, and to the extent any further response is required, denies the allegations.  The City denies the allegations of the third sentence, except admits that California voters passed Proposition 22 in the 2020 election.  The fourth sentence is a legal conclusion to which no response is required; to the extent a response is required, the City denies the allegations.

3. The City denies the allegations of the first sentence.  The City lacks information sufficient to admit or deny the allegations of the second sentence, and on that basis denies them.  As to the third and fourth sentences, the City admits that the Ordinance speaks for itself and otherwise denies the allegations.  As to the fifth sentence, the City admits that it may provide different forms of assistance to restaurants and that it ended the fiscal year ending June 30, 2021 with a budget surplus exceeding $150 million, but denies that the Ordinance is unlawful and denies that other forms of assistance are adequate substitutes to address the harms caused by Plaintiffs' business practices.  As to the sixth sentence, the City admits that the cited press release speaks for itself and admits that the City did not enact legislation to provide interest-free loans to restaurants, but denies that interest-free loans

1  to restaurants are an adequate substitute to address the harms caused by Plaintiffs' business practices.
2  The City denies the allegations of the final sentence.

3      4.    This paragraph consists of legal conclusions to which no response is required; however,
4  to the extent a response is required, the City denies the allegations, except admits that the cited cases
5  speak for themselves.

6      5.    The first and second sentences are legal conclusions to which no response is required;
7  to the extent a response is required, the City denies the allegations.  As to the last sentence, the City
8  denies that Plaintiffs compete vigorously with each other and other platforms; the City admits that
9  there is more than one platform restaurants and consumers may use, but denies that merchants possess
10 meaningful choice.

11     6.    The City denies the allegations of the first sentence.  As to the second through fifth
12 sentences, the City lacks information sufficient to admit or deny the allegations, and on that basis
13 denies them, and denies that restaurants possess meaningful choice.  The City denies the allegations of
14 the sixth sentence.  As to the final sentence, the City lacks information sufficient to admit or deny the
15 allegations, and on that basis denies them, and denies that restaurants possess meaningful choice.

16     7.    The City denies the allegations, except admits that Mayor Breed's letter speaks for
17 itself and that the Complaint speaks for itself as to the relief it seeks.

18     8.    This paragraph contains legal conclusions to which no response is required.

19     9.    The City lacks information sufficient to admit or deny the allegations, and on that basis
20 denies them.

21     10.    The City lacks information sufficient to admit or deny the allegations, and on that basis
22 denies them.

23     11.    The City admits the allegations of the first sentence.  The second sentence is a legal
24 conclusion to which no response is required.

25     12.    This paragraph states legal conclusions to which no response is required.

26     13.    This paragraph states legal conclusions to which no response is required.

27     14.    This paragraph states legal conclusions to which no response is required.

28     15.    The City admits the allegations.

16. As to the first sentence, the City admits that other third-party platforms operate in San Francisco and the United States, but lacks sufficient information about all of the listed companies to admit or deny the allegations, and on that basis denies them. The City denies the remaining allegations of the paragraph.

17. The City lacks information sufficient to admit or deny the allegations, and on that basis denies them.

18. The City lacks information sufficient to admit or deny the allegations, and on that basis denies them.

19. The City admits that Plaintiffs generate revenue in part by charging commissions to restaurants, and otherwise lacks information sufficient to admit or deny the allegations, and on that basis denies them.

20. The City lacks information sufficient to admit or deny the allegations, and on that basis denies them.

21. The City denies the allegations.

22. The City lacks information sufficient to admit or deny the allegations, and on that basis denies them, except the City admits that it is generally a positive development for a neighborhood when restaurant closures in the neighborhood are prevented.

23. The City lacks information sufficient to admit or deny the allegations, and on that basis denies them.

24. The City lacks information sufficient to admit or deny the allegations, and on that basis denies them.

25. The City lacks information sufficient to admit or deny the allegations, and on that basis denies them, and denies that third-party platforms do not cause harm to restaurants by decreasing or compromising their profitability.

26. The City admits that Plaintiffs' contracts with restaurants typically include a requirement that restaurants pay them a commission that is a percentage of the price of the order. The City lacks information sufficient to admit or deny the remaining allegations, and on that basis denies

them, and denies that third-party platforms do not cause harm to restaurants by decreasing or compromising their profitability.

27. The City lacks information sufficient to admit or deny the allegations, and on that basis denies them, except admits that DoorDash charges most restaurants commissions in excess of 15% and denies that restaurants possess meaningful choice.

28. The City lacks information sufficient to admit or deny the allegations, and on that basis denies them.

29. The City lacks information sufficient to admit or deny the allegations, and on that basis denies them.

30. The allegations of the first three sentences are too vague for the City to admit or deny them, and on that basis it denies them, and it denies that restaurants possess meaningful choice about the terms of their contracts with Plaintiffs.  As to the remainder of the paragraph, the City admits that there has been widespread criticism of the commissions that third-party platforms charge restaurants, and admits that the cited sources speak for themselves, and otherwise denies the allegations.

31. The City lacks information sufficient to admit or deny the allegations, and on that basis denies them.

32. As to the first two sentences, the City admits that Supervisor Peskin's statements at the Board meeting on June 22, 2021 included the words in quotation marks, but the City denies that the quotations convey the overall substance of his comments.  As to the first sentence in parentheses, the City denies the allegations.  As to the second and third sentences in parentheses, the City lacks information sufficient to admit or deny the allegations, and on that basis denies them, and denies that Plaintiffs' platforms are for restaurants' benefit.

33. The City admits that the Ordinance speaks for itself, and otherwise denies the allegations.

34. The City admits the allegations.

35. The City admits the allegations.

36. The City admits the allegations.

37. The City admits the allegations.

38. The City lacks information sufficient to admit or deny the allegations, and on that basis denies them.

39. The City admits that on April 10, 2020, Mayor Breed promulgated the Ninth Supplement to Mayoral Proclamation declaring the Existence of a Local Emergency Dated February 25, 2020, and that it speaks for itself, and otherwise denies the allegations.

40. The City admits that the cited sources speak for themselves and otherwise denies the allegations.

41. The City admits that, during the COVID-19 pandemic and shelter-in-place orders, some consumers and restaurants in San Francisco used third-party platforms to facilitate food delivery. The City otherwise lacks information sufficient to admit or deny the allegations, and on that basis denies them.

42. The City admits that, during the COVID-19 pandemic, it adopted regulations that enabled some restaurants to use streets or sidewalks for outdoor seating, and that California has allowed restaurants to sell alcoholic beverages to go. The City otherwise lacks information sufficient to admit or deny the allegations, and on that basis denies them.

43. The City lacks information sufficient to admit or deny the allegations, and on that basis denies them.

44. The City admits the allegations.

45. The City admits that Order of the Health Officer No. C19-07y speaks for itself, and otherwise denies the allegations.

46. The City admits that DoorDash and certain other companies publicly supported Proposition 22, and admits that the cited article and Proposition 22 speak for themselves. The City otherwise denies the allegations.

47. As to the first sentence, the City admits that members of the Board of Supervisors publicly opposed Proposition 22, and otherwise lacks sufficient information to admit or deny the allegations, and on that basis denies them. As to subparagraph 47.a, the City admits that on October 20, 2020, the Board unanimously passed Resolution No. 499-20, which speaks for itself, and otherwise denies the allegations. As to subparagraph 47.b, the City admits that Supervisor Walton's twitter

account includes a tweet dated October 12, 2020 that includes the words in quotation marks, but denies that subparagraph 47.b reproduces the entire tweet. As to subparagraph 47.c, the City admits the allegations. As to subparagraph 47.d, the City admits that the cited YouTube video speaks for itself, and otherwise denies the allegations; the City denies that the paragraph's text outside of the quotation marks accurately supplies the context or meaning of the words in quotation marks and denies that the quoted words convey the overall substance of Supervisor Mandelman's statements as contained in the cited YouTube video.

48. The City admits that in the election on November 3, 2020, California voters passed Proposition 22 by a margin of over 17 points, and otherwise lacks sufficient information to admit or deny the allegations, and on that basis denies them.

49. The City admits that Supervisor Peskin's tweets speak for themselves and otherwise denies the allegations.

50. The City admits that the cited source speaks for itself, and otherwise denies the allegations.

51. The City lacks information sufficient to admit or deny the allegations, and on that basis denies them.

52. The City admits that the cited source speaks for itself, and otherwise denies the allegations.

53. The City admits that the cited study and Proposition 22 speak for themselves, and that 120% of the California minimum wage was $15.60 per hour in 2020 and $16.80 per hour in 2021, and otherwise denies the allegations.

54. The City admits the allegations of the first sentence and denies the allegations of the second sentence. As to the remainder of the paragraph, the City admits that statements by the named commissioners included the words in quotation marks, but denies that the quotations convey the overall substance of the comments by the commissioners.

55. The City admits that the Board finally passed Ordinance No. 234-20 on November 10, 2020, that Mayor Breed approved it on November 20, 2020, and that it speaks for itself as to its terms

and effective date.  The City further admits that November 10, 2020 is one week after November 3, 2020, the date on which voters passed Proposition 22, and otherwise denies the allegations.

56. The City admits that the Ordinance speaks for itself, and otherwise denies the allegations.

57. The City admits that the Ordinance speaks for itself, and otherwise denies the allegations.

58. The City admits that the Ordinance speaks for itself and denies that it fixes the price of Plaintiffs' services; it otherwise lacks information sufficient to admit or deny the allegations, and on that basis denies them.

59. The City admits that the Ordinance speaks for itself, and otherwise denies the allegations.

60. The City admits that the Ordinance speaks for itself, and otherwise denies the allegations.

61. The City admits that the Ordinance speaks for itself, and otherwise denies the allegations.

62. The City admits that the Ordinance speaks for itself, and otherwise denies the allegations.

63. The City admits that its restaurants were permitted to resume 100% maximum capacity as of June 15, 2021, and admits that the Ordinance speaks for itself, and otherwise denies the allegations.

64. As to the first two sentences, the City admits that on June 10, 2021, the Board's Public Safety & Neighborhood Services Committee had a meeting at which it considered the ordinance to remove the sunset provision, and otherwise denies the allegations.  With respect to subparagraph 64.a, the City admits that Mr. Hepner's statements included the words in quotation remarks, but denies that the quotation conveys the overall substance of his comments.  With respect to subparagraph 64.b, the City admits that Supervisor Stefani's statements included the words in quotation remarks, but denies that the quotation conveys the overall substance of her comments; the City lacks information sufficient to admit or deny the allegations concerning DoorDash's Partnership Plans, and on that basis denies

them, except the City admits that Supervisor Stefani's comments did not include reference to something called "Partnership Plans."

65. With respect to the first sentence, the City admits that, during public comment at the meeting of the Public Safety and Neighborhood Services committee, several callers identified themselves as DoorDash drivers and indicated that they opposed the removal of the sunset provision and expressed a belief that it would negatively impact their income; the City otherwise denies the allegations. With respect to subparagraph 65.a, the City denies that the quoted material matches the words spoken by the caller identifying herself as Matilda Forbes, and denies that the quotation conveys the overall substance of her comments. With respect to subparagraph 65.b, the City admits that comments by a caller identifying himself as Michael Osofsky included the words in quotation marks, but denies that the quotation conveys the overall substance of his comments. With respect to subparagraph 65.c, the City admits that comments by a caller identifying himself as David Lewis included the words in quotation marks, but denies that the quotation conveys the overall substance of his comments.

66. With respect to the first sentence, the City admits that, during public comment at the meeting of the Public Safety and Neighborhood Services committee, a caller identified herself as the CEO of the Latino Restaurant Association, and that she referenced an unidentified survey in which some restaurants reported that they believed they would have to close or lay off staff without restaurant app delivery, and otherwise denies the allegations. With respect to the remainder of the paragraph, the City admits that the speaker's comments included the words in quotation marks, but denies that the quotation conveys the overall substance of her comments.

67. The City admits that the Board of Supervisors held a meeting on June 22, 2021, and that Supervisor Peskin's statements included the words in quotation marks (except in subparagraph 67.c, he said "had" not "has," and in subparagraph 67.d, he said "pursuant to" and not "pursuant through"), but the City denies that the quotations convey the overall substance of his comments, and otherwise denies the allegations.

68. The City admits that, on June 22, 2021, the Board of Supervisors unanimously passed on first reading the ordinance to repeal the sunset provision, and otherwise denies the allegations.

69. The City denies the allegations of the first sentence. As to the second sentence, the City admits that Supervisor Peskin's comments included the words in quotation marks, but otherwise denies the allegations. As to the reminder of the paragraph, the City admits that there is a post dated June 22, 2021 on Supervisor Peskin's Facebook page that contains the words in quotation marks, but denies that the quotation includes the entire post.

70. The City admits that the Supervisor Safai's statements included the words in quotation marks, but denies that the quotation conveys the overall substance of his comments.

71. The City admits that, on June 29, 2021, the Board of Supervisors finally passed the ordinance to repeal the sunset provision, and that the vote was unanimous, and otherwise denies the allegations.

72. The City denies the allegations of the first sentence. The allegations of the second, third, and fourth sentences are too vague for the City to admit or deny them, and on that basis it denies them. As to the fifth sentence, the City admits that the Ordinance speaks for itself and otherwise denies the allegations. The allegations of the remainder of the paragraph are too vague for the City to admit or deny them, and on that basis it denies them.

73. The City admits that Mayor Breed did not sign the Ordinance repealing the sunset provision and that her letter to the Board and the Ordinance speak for themselves; the remainder of the allegations are legal conclusions to which no response is required.

74. The City admits that Mayor Breed did not sign the Ordinance repealing the sunset provision and that her letter to the Board speaks for itself, and otherwise denies the allegations.

75. The City admits that on July 16, 2021, Supervisor Peskin posted a tweet with the words that appear in quotation marks, but denies that the quotation conveys the overall substance of the tweet, which speaks for itself. The City otherwise denies the allegations.

76. The City admits that on July 22, 2021, Supervisor Peskin retweeted a link to a San Francisco Eater article, which speaks for itself. The City otherwise denies the allegations.

77. The City lacks information sufficient to admit or deny the allegations, and on those bases it denies them, and the City denies that Plaintiffs have not harmed restaurants by decreasing or compromising their profitability.

78.     The City admits that the Ordinance speaks for itself and otherwise denies the allegations.

79.     The City admits that the Ordinance and the cited source speak for themselves and otherwise denies the paragraph's characterization of them; as to the remainder, the City lacks information sufficient to admit or deny the allegations, and on that basis denies them.

80.     The City lacks information sufficient to admit or deny the allegations, and on those bases it denies them.

81.     The City lacks information sufficient to admit or deny the allegations, and on that basis it denies them; the City denies that restaurants possess meaningful choice.

82.     The City denies the allegations of the first sentence. The second sentence contains legal conclusions to which no response is required; to the extent a response is required, the City denies the allegations, and denies that there is any violation of Plaintiffs' constitutional rights. As to the remainder of the paragraph, the City lacks information sufficient to admit or deny the allegations, and on that basis it denies them.

83-100.  No response to these paragraphs is required because this cause of action has been dismissed.

101.    The City incorporates by reference paragraphs 1 through 100 above.

102.    This paragraph contains legal conclusions to which no response is required.

103.    The first sentence contains legal conclusions to which no response is required; to the extent a response is required, the City denies the allegations. As to the second sentence, the City admits that Plaintiffs' contracts typically include a term that requires the restaurant to pay a commission calculated as a percentage of the order, but denies that restaurants possess meaningful choice. The City lacks information sufficient to admit or deny the allegations of the third sentence, and on that basis denies them.

104.    As to the first sentence, the City admits that the Ordinance speaks for itself and otherwise denies the allegations. The City lacks information sufficient to admit or deny the allegations of the second sentence, and on that basis denies them. The third sentence contains legal conclusions to which no response is required; to the extent a response is required, the City denies the allegations.

105. This paragraph contains legal conclusions to which no response is required; to the extent a response is required, the City denies the allegations.

106. What constitutes a reasonable return on investment is a legal conclusion to which no response is required, but to the extent a response is required, the City denies the allegations. The City otherwise lacks information sufficient to admit or deny the allegations, and on that basis it denies them.

107. This paragraph contains legal conclusions to which no response is required; the City denies that there is any constitutional violation.

108. This paragraph contains legal conclusions to which no response is required.

109. This paragraph contains legal conclusions to which no response is required; the City denies that there is any constitutional violation.

110. This paragraph contains legal conclusions to which no response is required; to the extent a response is required, the City admits that the Complaint speaks for itself and that the City denies that there is any constitutional violation.

111. As to the first sentence, the City admits that the Complaint speaks for itself and otherwise lacks information sufficient to admit or deny the allegations, and on that basis denies them. The City denies the allegations of the second sentence.

112. This paragraph contains legal conclusions to which no response is required; the City denies that there is any constitutional violation.

113. This paragraph contains legal conclusions to which no response is required; to the extent a response is required, the City admits that the Complaint speaks for itself and otherwise denies the allegations.

114. The City admits that the Complaint speaks for itself, and otherwise denies the allegations. The City denies that there is any constitutional violation or that Plaintiffs are entitled to monetary damages.

115-127. No response to these paragraphs is required because this cause of action has been dismissed.

128. The City incorporates by reference paragraphs 1 through 127 above.

129. This paragraph contains legal conclusions to which no response is required; to the extent a response is required, the City denies the allegations.

130. This paragraph contains legal conclusions to which no response is required.

131. This paragraph contains legal conclusions to which no response is required; to the extent a response is required, the City admits that the Ordinance speaks for itself and otherwise denies the allegations.

132. This paragraph contains legal conclusions to which no response is required; to the extent a response is required, the City admits that the cited authority speaks for itself and otherwise denies the allegations.

133. The City admits that the Ordinance speaks for itself and otherwise denies the allegations.

134. The City admits that the Ordinance speaks for itself and otherwise denies the allegations.

135. This paragraph contains legal conclusions to which no response is required; to the extent a response is required, the City denies the allegations.

136. This paragraph contains legal conclusions to which no response is required; the City denies that there is any constitutional violation.

137. This paragraph contains legal conclusions to which no response is required.

138. This paragraph contains legal conclusions to which no response is required; the City denies that there is any constitutional violation.

139. This paragraph contains legal conclusions to which no response is required; to the extent a response is required, the City admits that the Complaint speaks for itself and that the City denies that there is any constitutional violation.

140. As to the first sentence, the City admits that the Complaint speaks for itself and otherwise lacks information sufficient to admit or deny the allegations, and on that basis denies them. The City denies the allegations of the second sentence.

141. This paragraph contains legal conclusions to which no response is required; the City denies that there is any constitutional violation.

142.	This paragraph contains legal conclusions to which no response is required; to the extent a response is required, the City admits that the Complaint speaks for itself and otherwise denies the allegations.

143.	The City admits that the Complaint speaks for itself, and otherwise denies the allegations.  The City denies that there is any constitutional violation or that Plaintiffs are entitled to monetary damages.

144-173.	No response to these paragraphs is required because these causes of action have been dismissed.

## ANSWER TO PRAYER

The City denies each and every legal conclusion and factual assertion in Plaintiffs' prayer for relief, and further denies that Plaintiffs are entitled to any of the relief sought.

## AFFIRMATIVE DEFENSES

The City asserts the following affirmative defenses:

1.	The Complaint, and each purported cause of action contained herein, fails to state facts sufficient to constitute a cause of action under law.

2.	Plaintiffs have failed to mitigate or attempt to mitigate damages, if in fact any damages have been or will be sustained, and any recovery by Plaintiffs must be diminished or barred by reason thereof.

3.	The City presently has insufficient knowledge on which to form a belief as to whether it may have additional, as yet unstated, defenses available.  The City reserves the right to assert additional defenses in the event that discovery indicates that it would be appropriate.

## PRAYER

WHEREFORE, the City prays for judgment as follows:

1.	The Plaintiffs take nothing from the City by way of this action;

2.	The Complaint be dismissed with prejudice and judgment entered in favor of the City;

3.	The City be awarded costs of suit, attorneys' fees and any other relief which the Court deems proper.

Dated: April 5, 2022

>  DAVID CHIU
>  City Attorney
>  WAYNE K. SNODGRASS
>  JEREMY M. GOLDMAN
>  Deputy City Attorneys
>
>  By: /s/*Jeremy M. Goldman*
>  JEREMY M. GOLDMAN
>
>  Attorneys for Defendant
>  CITY AND COUNTY OF SAN FRANCISCO