| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>JOSHUA S. LIPSHUTZ, SBN 242557<br>jlipshutz@gibsondunn.com<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105-0921<br>Telephone: 415.393.8200<br>Facsimile:  415.393.8306<br><br>MICHAEL HOLECEK, SBN 281034<br>mholecek@gibsondunn.com<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone: 213.229.7000<br>Facsimile:  213.229.7520<br><br>Attorneys for Plaintiffs<br>DOORDASH, INC. and GRUBHUB INC. | DAVID CHIU, State Bar #189542<br>City Attorney<br>WAYNE K. SNODGRASS, State Bar #148137<br>JEREMY M. GOLDMAN, State Bar #218888<br>Deputy City Attorneys<br>City Hall, Room 234<br>1 Dr. Carlton B. Goodlett Place<br>San Francisco, California 94102-4682<br>Telephone: 415.554.6762<br>Facsimile: 415.554.4699<br>E-Mail: jeremy.goldman@sfcityatty.org<br><br>Attorneys for Defendant<br>CITY AND COUNTY OF SAN FRANCISCO |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DOORDASH, INC. and GRUBHUB INC.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>Defendant. | CASE NO. 3:21-cv-05502-EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(F) REPORT**<br><br>Hearing:<br><br>Date:  May 24, 2022<br>Time:  1:30 p.m.<br>Place:  Courtroom 5 – 17th Floor<br>Judge:  Hon. Edward M. Chen<br><br>FAC Filed:  October 1, 2021 |

Plaintiffs DoorDash, Inc. and Grubhub Inc. ("Plaintiffs") and Defendant City and County of San Francisco ("Defendant") (collectively, the "Parties") by and through their respective counsel of record, having met and conferred through their counsel, submit this Joint Case Management Statement pursuant to Local Rule 16-9 and this Court's Civil Standing Order for All Judges of the Northern District of California dated November 1, 2018, in advance of the Case Management Conference scheduled for May 24, 2022.

## I. JURISDICTION AND SERVICE

The Parties agree that Defendant has been properly served, that the Court has personal jurisdiction over Defendant, and that venue is proper in this District.

The Parties do not intend to raise any issues regarding subject matter jurisdiction at this time.

## II. FACTS

### A. Plaintiffs' Statement

Plaintiffs operate third-party platforms that connect restaurants with consumers who wish to purchase food and have it delivered to them or be ready for pickup. Plaintiffs compete with numerous other third-party platforms in San Francisco and elsewhere. To cover their costs, Plaintiffs charge commissions to restaurants for the services they provide. Plaintiffs have contracts with thousands of restaurants in San Francisco lasting several years, which have long used a percentage commission structure. Restaurants may choose among different pricing packages offering different services based on their needs.

In February 2020, Mayor Breed declared a state of emergency due to COVID-19. California required restaurants to suspend in-restaurant dining and offer only pickup/delivery options while San Francisco issued a shelter-in-place order. In April 2020, Mayor Breed promulgated an executive order that temporarily capped the commissions that third-party platforms could charge restaurants at 15% of an online order's purchase price. In July 2020, the City discussed passing legislation to impose the same temporary commission caps. Plaintiffs allege that statements made during those discussions showed that the City intentionally sought to benefit restaurants at Plaintiffs' expense.

In November 2020, the Board passed Ordinance No. 234-20, which took effect in December 2020, and prohibits Plaintiffs from charging a commission of more than 15% per online order

regardless of the services rendered and the cost of those services to Plaintiffs. In June 2021, the Public Safety & Neighborhood Services Committee discussed making the Ordinance permanent. The Committee focused on the presumed relative profits and wealth of local restaurants and third-party platforms, but it also heard from numerous delivery couriers who objected to the commission cap because it would depress their earnings opportunities. On June 29, 2021, the Board enacted Ordinance No. 97-21, which removed the sunset provision enacted as part of Ordinance No. 234-20, making permanent the formerly-temporary commission cap. It did not produce or cite additional factual findings to explain the shift from a temporary to permanent cap. Imposition of the commission cap has caused Plaintiffs to incur substantial losses.

**B.     Defendant's Statement**

As set forth in the findings of the Ordinance, market dominance by the largest delivery platforms and their control over access to large numbers of consumers who use them to obtain meals has given them disproportionate leverage in contract negotiations with restaurants, allowing them to impose commission rates that threaten restaurants' already-narrow profit margins. While these companies also charge fees to consumers on a per-transaction or subscription basis, the commission rates they are able to impose effectively force restaurants to subsidize the costs to consumers, and as reflected in the materials submitted with the City's Motion to Dismiss, there has been widespread reporting of the deleterious effects of these kinds of commissions on independent restaurants.

The Ordinance caps the commissions that third-party delivery platforms may charge restaurants, but it places no limits on the fees they may charge consumers. Plaintiffs contend that they will increase consumer fees in response to the restaurant commission cap, but allege that they will not be able to compensate fully for the loss of revenue from restaurants. In their public filings, Plaintiffs told investors that they are operating in a developing industry, that the regulatory environment is evolving and could include restrictions on their pricing, and that their financial prospects have been and remain uncertain.

**III.     LEGAL ISSUES**

(1)     Whether the Ordinance is confiscatory in violation of the Due Process Clause of the United States and California Constitutions.

   (2)  Whether the Ordinance violates the Takings Clause of the United States and California Constitutions.

**IV. MOTIONS**

On October 15, 2021, Defendant filed a Motion to Dismiss the First Amended Complaint. Dkt. 28. The Court denied the motion in part and granted it in part on March 23, 2022. Dkt. 60.

The Parties anticipate filing cross motions for summary judgment at the appropriate time. The Parties may file additional motions as the case progresses, including discovery motions.

**V. AMENDMENT OF PLEADINGS**

The Parties do not anticipate filing any amended pleadings at this time.

**VI. EVIDENCE PRESERVATION**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. The Parties have and will continue to confer regarding reasonable and proportionate steps to preserve ESI as appropriate.

The Parties understand their duty to preserve records, including paper and electronic copies, and have taken steps to preserve all documents potentially relevant to this action in their possession.

**VII. DISCLOSURES**

The Parties have agreed to serve their initial disclosures by May 17, 2022.

**VIII. DISCOVERY**

  **A. Timing/Scope of Anticipated Discovery**

There has been no discovery to date. The Parties conducted their Rule 26(f) Conference on May 3, 2022, during which the Parties agreed to further discuss the scope and timing of discovery after the exchange of initial disclosures. The Parties have agreed to enter into agreements to govern e-discovery and the production and use of confidential information.

The Parties anticipate pursuing discovery in this case by taking depositions and serving document requests, interrogatories, and requests for admission. The scope of discovery will cover the facts relevant to the legal issues identified in Section III above. Subject to the Court's approval, the Parties will conduct fact discovery by February 16, 2023 and expert discovery by May 15, 2023, according to the proposed case schedule set forth in Section XVII below. The Parties agree that they

will meet and confer in good faith should either side conclude that an adjustment of these dates is appropriate.

B.     **Protective Order**

The Parties have agreed to entry of a protective order.  The Parties are currently drafting that proposed order, which they will file for the Court's approval and entry.

C.     **Electronic Discovery**

The Parties have agreed to entry of an ESI protocol.  The Parties are currently drafting an agreement, which they will file for the Court's approval and entry.

IX.   **CLASS ACTION**

This case is not a class action.

X.    **RELATED CASES**

The Parties know of no related case under Local Rule 3-12.

XI.   **RELIEF**

A.    **Plaintiffs' Statement**

Plaintiffs seek (1) a declaration that the Ordinance violates provisions of the United States Constitution and the California Constitution; (2) just compensation for the permanent taking of their property; (3) an award of damages against the City in an amount to be determined at trial; (4) a permanent injunction enjoining the City from enforcing the Ordinance against Plaintiffs; and (5) attorneys' fees, expenses, and costs incurred in this matter pursuant to 42 U.S.C. § 1988, as well as any other relief that the Court deems just and proper.

B.    **Defendant's Statement**

The City denies that Plaintiffs are entitled to any relief.

XII.  **SETTLEMENT AND ADR**

The Parties do not believe that ADR will be fruitful at this time.  The Parties have complied with ADR L.R. 3-5.  Insofar as a settlement may be possible, the Parties believe that the best chance of success is likely to come through direct negotiations, rather than ADR.

XIII. **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The Parties have not consented to proceed before a Magistrate Judge.

### XIV. OTHER REFERENCES

The Parties agree that this case is not suitable for reference to binding arbitration, a special master, or to the Judicial Panel on Multidistrict Litigation.

### XV. NARROWING OF ISSUES

The Parties will submit motions for summary judgment at the appropriate time.

### XVI. EXPEDITED SCHEDULE

The Parties agree that this case is not suitable for the Expedited Trial Procedure of General Order No. 64, Attachment A.

### XVII. SCHEDULING

The Parties propose the following case schedule:

| PROPOSED SCHEDULE | |
|---|---|
| Event | Date |
| Close of fact discovery | February 16, 2023 |
| Close of expert discovery | May 15, 2023 |
| Initial expert disclosures | March 13, 2023 |
| Rebuttal expert disclosures | April 17, 2023 |
| Last day to file dispositive motions | June 12, 2023 |
| Hearing on dispositive motions | July 27, 2023 |
| Pretrial Conference | October 3, 2023 |
| Trial | November 6, 2023 |

### XVIII. TRIAL

Plaintiffs request a jury trial. The Parties believe it is premature to discuss the length for the trial at this stage.

**XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiffs filed their "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.

**XX.   PROFESSIONAL CONDUCT**

All attorneys of record for the respective Parties have reviewed the Guidelines for Professional Conduct in the Northern District of California.

**XXI.   OTHER MATTERS**

The Parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Dated:  May 17, 2022                    GIBSON, DUNN & CRUTCHER LLP

By:  */s/ Joshua S. Lipshutz*
Joshua S. Lipshutz

*Attorneys for Plaintiffs DoorDash, Inc. and Grubhub Inc.*

Dated:  May 17, 2022

By:  */s/ Jeremy M. Goldman*
Jeremy M. Goldman

*Attorneys for Defendant City and County of San Francisco*

**ATTESTATION CLAUSE**

Pursuant to Civil Local Rule 5-1(h)(3), I hereby certify that I obtained in the filing of this document the concurrence from all parties whose electronic signatures appear above.

Dated: May 17, 2022

*/s/ Joshua S. Lipshutz*