| | |
|---|---|
| DAVID CHIU, State Bar #189542<br>City Attorney<br>WAYNE K. SNODGRASS, State Bar #148137<br>JEREMY M. GOLDMAN, State Bar #218888<br>Deputy City Attorneys<br>City Hall, Room 234<br>1 Dr. Carlton B. Goodlett Place<br>San Francisco, California 94102-4682<br>Telephone:     (415) 554-6762<br>Facsimile:      (415) 554-4699<br>E-Mail:          jeremy.goldman@sfcityatty.org<br><br>Attorneys for Defendant<br>CITY AND COUNTY OF SAN FRANCISCO | GIBSON, DUNN & CRUTCHER LLP<br>JOSHUA S. LIPSHUTZ, SBN 242557<br>jlipshutz@gibsondunn.com<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105-0921<br>Telephone: 415.393.8200<br>Facsimile: 415.393.8306<br><br>MICHAEL HOLECEK, SBN 281034<br>mholecek@gibsondunn.com<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br><br>Attorneys for Plaintiffs<br>DOORDASH, INC. and GRUBHUB INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOORDASH, INC. and GRUBHUB INC.,<br><br>  Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>  Defendant. | Case No. 3:21-cv-05502 EMC<br><br>**STIPULATION AND [PROPOSED] ORDER STAYING CASE, VACATING CASE MANAGEMENT DATES, AND PROVIDING FOR EVENTUAL DISMISSAL** |

STIPULATION AND [PROPOSED] ORDER
CASE NO. 3:21-cv-05502 EMC

1  Pursuant to Civil Local Rules 6-2 and 7-12, Plaintiffs DoorDash, Inc. and Grubhub Inc., and Defendant City and County of San Francisco (collectively, "the Parties"), hereby stipulate as follows:

WHEREAS, on June 28, 2022, San Francisco Supervisor Aaron Peskin introduced the Ordinance attached hereto as Exhibit A ("the Ordinance"), which would amend certain provisions of Article 53 of the San Francisco Police Code at issue in this action;

WHEREAS, Plaintiffs have decided that they are willing to dismiss the above-captioned action if the Ordinance is enacted; and

WHEREAS, the Parties anticipate that enactment of the Ordinance may take several months in the ordinary legislative process;

NOW, THEREFORE, in the interest of judicial economy and good cause showing, the undersigned parties, by and through their counsel of record, hereby agree and stipulate, and the Court hereby orders, as follows:

1. This action is hereby stayed;

2. All existing case management dates are vacated;

3. If the Ordinance is enacted, Plaintiffs shall dismiss this action, without prejudice to their right to reinstate the above-captioned action (including, without limitation, the claims alleged and remedies sought therein), as a result of any amendment to the Ordinance or future legislation, within seven days of its effective date, each party to bear its own fees and costs;

4. If the Ordinance is not enacted, the Parties may stipulate to, or any party may file an administrative motion requesting, a lifting of the stay and the establishment of new case management dates.

The Parties respectfully request that the Court enter an Order approving this Stipulation.

IT IS SO STIPULATED.

| | |
|---|---|
| Dated: July 1, 2022 | DAVID CHIU<br>City Attorney<br>WAYNE SNODGRASS<br>JEREMY M. GOLDMAN<br>Deputy City Attorneys |
| | By: *Jeremy M. Goldman*<br>JEREMY M. GOLDMAN |
| | Attorneys for Defendant<br>CITY AND COUNTY OF SAN FRANCISCO |
| Dated: July 1, 2022 | GIBSON, DUNN & CRUTCHER LLP |
| | By: *Joshua S. Lipshutz*<br>Joshua S. Lipshutz<br>Michael Holecek |
| | Attorneys for Plaintiffs<br>DOORDASH, INC. and GRUBHUB INC. |

## **ATTESTATION CLAUSE**

Pursuant to Civil Local Rule 5-1(i)(3), I hereby certify that I obtained in the filing of this document the concurrence from all parties whose electronic signatures appear above.

Dated: July 1, 2022

/s/ *Jeremy M. Goldman*
JEREMY M. GOLDMAN

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED:_____   _____
Hon. Edward M. Chen
United States District Judge

# EXHIBIT A

SUBSTITUTED
FILE NO.                            06/28/2022                      ORDINANCE NO.

[Police Code - Third-Party Food Delivery Services]

**Ordinance amending the Police Code to define core delivery service to mean a service that both lists a covered establishment on all of a third-party food delivery service's platforms, including websites and mobile applications, and facilitates and/or performs delivery of food and/or beverages from the establishment; to exempt from the 15% cap on per-order fees, starting January 31, 2023, third-party food delivery services that offer restaurants the option to obtain only core delivery service at a cost of no more than 15% of the purchase price of an online order without requiring the purchase of additional services, and that notify all covered establishments with which the third-party food delivery services have an existing contract of this option no later than December 1, 2022; and to require that contracts between a third-party food delivery service and a covered establishment clearly define the fees, commissions, or charges associated with contracted services.**

NOTE:   **Unchanged Code text and uncodified text** are in plain Arial font.
**Additions to Codes** are in *single-underline italics Times New Roman font*.
**Deletions to Codes** are in *strikethrough italics Times New Roman font*.
**Board amendment additions** are in double-underlined Arial font.
**Board amendment deletions** are in strikethrough Arial font.
**Asterisks (*   *   *)** indicate the omission of unchanged Code subsections or parts of tables.

Be it ordained by the People of the City and County of San Francisco:

Section 1.  The Police Code is hereby amended by revising Sections 5301 (adding a defined term to be placed in alphabetical sequence with other defined terms) and 5302, to read as follows:

Supervisor Peskin
**BOARD OF SUPERVISORS**                                                                                          Page 1

| | |
|---|---|
| 1 | **SEC. 5301. DEFINITIONS.** |
| 2 | * * * * |
| 3 | *"Core delivery service" means a service that (1) lists a covered establishment, and makes the* |
| 4 | *covered establishment discoverable, on all modalities or platforms offered by a third-party food* |
| 5 | *delivery service, including but not limited to any website, mobile application, or other internet service* |
| 6 | *where a third-party food delivery service lists covered establishments, and (2) facilitates and/or* |
| 7 | *performs the delivery (through employees or independent contractors of the third-party food delivery* |
| 8 | *service and/or such establishments) of food and/or beverages from covered establishments to* |
| 9 | *customers. Core delivery service does not include any other service that may be provided by a third-* |
| 10 | *party food delivery service to a covered establishment, including but not limited to advertising services,* |
| 11 | *search engine optimization, business consulting, or credit card processing.* |
| 12 | * * * * |
| 13 | |
| 14 | **SEC. 5302. CAP ON PER-ORDER FEES; *CLEAR DEFINITION OF FEES* |
| 15 | *REQUIRED*.** |
| 16 | (a)   No third-party food delivery service may charge a covered establishment a fee, |
| 17 | commission, or charge per online order that totals more than 15% of the purchase price of the |
| 18 | online order. |
| 19 | (b)   No third-party food delivery service may charge a covered establishment a fee, |
| 20 | commission, or charge that exceeds 15% of the purchase price of online orders to that |
| 21 | covered establishment processed through the third-party food delivery service during the time |
| 22 | period covered by the fee, commission, or charge. |
| 23 | *(c)   Beginning on January 31, 2023, the fee limits in subsections (a) and (b) of this Section* |
| 24 | *5302 shall not apply to a third-party food delivery service that does both of the following:* |
| 25 | |

*(1) offers all covered establishments the option to obtain core delivery service for a total fee, commission, or charge not to exceed 15% of the purchase price of the online order, without requiring the purchase of additional services; and*

*(2) no later than December 1, 2022, notifies all covered establishments that have an existing contract with the third-party delivery service of the option described in subsection (c)(1).*

*(d)   Contracts between a third-party food delivery service and a covered establishment shall clearly define the fees, commissions, or charges associated with contracted services. For example, if a covered establishment enters into a contract with a third-party food delivery service for core delivery service only, that contract shall clearly state a fee, commission, or charge of 15% of the purchase price for core delivery service.*

Section 2.  Effective Date.  This ordinance shall become effective 30 days after enactment.  Enactment occurs when the Mayor signs the ordinance, the Mayor returns the ordinance unsigned or does not sign the ordinance within ten days of receiving it, or the Board of Supervisors overrides the Mayor's veto of the ordinance.

//
//
//
//
//
//
//
//

1  Section 3.  Scope of Ordinance.  In enacting this ordinance, the Board of Supervisors
2  intends to amend only those words, phrases, paragraphs, subsections, sections, articles,
3  numbers, punctuation marks, charts, diagrams, or any other constituent parts of the Municipal
4  Code that are explicitly shown in this ordinance as additions, deletions, Board amendment
5  additions, and Board amendment deletions in accordance with the "Note" that appears under
6  the official title of the ordinance.
7
8  APPROVED AS TO FORM:
   DAVID CHIU, City Attorney
9
10  By:   */S/ Sarah Crowley*
            SARAH CROWLEY
11          Deputy City Attorney
12  n:\legana\as2022\2000108\01610103.docx
13
14
15
16
17
18
19
20
21
22
23
24
25